## In re VICTORIA COMPANY OF MINNEAPOLIS, Debtor.

**WAYZATA BANK & TRUST COMPANY, a Minnesota Banking Association, as Trustee, and Minneapolis Grain Exchange, a Minnesota non-profit corporation, Plaintiffs,**

v.

**A & B FARMS, a Minnesota corporation, et al., Defendants.**

Bankruptcy No. 4–83–2082.

Adv. No. 4–84–68.

Civ. No. 3–84–277.

United States Bankruptcy Court, D. Minnesota.

Sept. 4, 1984.

Paul J. Scheerer, Dorsey & Whitney, Minneapolis, Minn., for plaintiffs.

Edward W. Bergquist, Minneapolis, Minn., Trustee.

David Gronbeck, Robert S. Brill, Minneapolis, Minn., Louis J. McCoy, St. Paul, Minn., for defendants.

## ORDER REMANDING AND TRANSFERRING CASE TO DISTRICT COURT

ROBERT J. KRESSEL, Bankruptcy Judge.

This matter came on for hearing on the motion of Rosholt Farmers Cooperative

Elevator Company (Rosholt) for an order "remanding this matter to the Federal District Court for the District of Minnesota for disposition." Louis J. McCoy appeared on behalf of Rosholt. Paul J. Scheerer appeared on behalf of the plaintiffs. David Gronbeck and Robert Brill appeared on behalf of various defendants. Edward W. Bergquist appeared *in propria persona.*

A brief history of some of the procedural aspects of this case will be helpful to the ensuing discussion.

On March 8, 1984, the plaintiffs filed their complaint for interpleader in the United States District Court for this district. Jurisdiction was invoked under 28 U.S.C. § 1335. The complaint alleged that the Wayzata Bank was holding approximately $550,000.00 which were proceeds of a letter of credit paid to it as a trustee against which claims possibly in excess of that amount had been made. The plaintiffs themselves made no claim to the proceeds and thus brought the action in interpleader. Among the named defendants were approximately 92 claimants to the fund and the Committee of Unsecured Creditors of Victoria Co. of Minneapolis and the Committee of Unsecured Creditors of Victoria Grain Company of Minneapolis. Victoria Co. of Minneapolis and Victoria Grain Company of Minneapolis are both debtors in bankruptcy cases pending in this district.

On March 27, 1984, Bestel, Inc. filed an Answer and Counterclaim.

On March 29, 1984, General Mills filed an Answer and Counterclaim.

On April 2, 1984, Peter Leuer, Raymond Laurent, Greg Leuer, Steve Leuer and Mel Greehling filed Answers and Counterclaims.

On April 4, 1984, Keith Nelson filed an Answer and Counterclaim.

On April 10, 1984, defendants Ada Feed & Seed, Inc., Hadler Elevator Co., McCluskey Farmers Elevator Co., Sisseton Seed & Grain Co., David Yaggie, Donald Yaggie, Leo Yaggie, Richard Yaggie and James W. Hendricks removed this action to the United States Bankruptcy Court for this district.

On April 11, 1984, Schuler Grain Company filed an Answer and Counterclaim.

On April 18, 1984, Rosholt Farmers Cooperative Elevator filed its Answer and Counterclaim.

On April 30, 1984, the plaintiffs filed a "Notice of Objection to Exercise of Jurisdiction".

On June 18, 1984, I allowed Edward W. Bergquist, the trustee for Victoria Grain Company, to intervene as a defendant.

On July 27, 1984, this motion for remand was filed.

On August 15, 1984, I allowed Brian Leonard, the trustee for Victoria Co. of Minneapolis, to intervene as a defendant.

Various other defendants filed answers.

Missing from this chronology is the change made by Congress in the jurisdiction over bankruptcy cases. While not cited in its removal papers, this matter was presumably removed to the Bankruptcy Court pursuant to 28 U.S.C. § 1478(a). Section 1478(a) provides:

A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a Government unit to enforce such governmental unit's police or regulatory power, to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action.

While this section is also not cited in the motion for remand, I presume that that motion was made pursuant to § 1478(b) which provides:

The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise.

Section 1478 was originally enacted by § 241 of Public Law 95–598. Section

402(b) of Public Law 95–598 originally made that section effective April 1, 1984. The April 1st date was extended four times by Public Law 98–249, Public Law 98–271, Public Law 98–299, and Public Law 98–325 so that it was to be effective June 28, 1984. However, § 405(b) of Public Law 95–598 provided that 28 U.S.C. § 1478 would be applicable prior to its effective date. Thus at the time that this matter was removed, § 1478(a) was not yet in effect but was applicable. Likewise, § 1478(b) dealing with remand of removed actions was also applicable albeit not effective when the motion for remand was filed.[1]

Section 113 of Public Law 98–353 enacted July 10, 1984, amended § 402(b) of Public Law 95–598 to provide that § 1478 among other sections would not become effective. Likewise, § 114 of Public Law 98–353 repealed § 405(b) of Public Law 95–598 which made various sections including § 1478 applicable. Taken together, it is safe to say that Public Law 98–353 repealed 28 U.S.C. § 1478, effective retroactively to June 28, 1984.

Thus the first question faced is whether or not I am left with some residual authority under 28 U.S.C. § 1478(b), now repealed, to remand this case whence it came. I am not prepared to cut that Gordian Knot nor do I feel it necessary to do so.

Public Law 98–353, the "Bankruptcy Amendments and Federal Judgeship Act of 1984" enacted July 10, 1984 and effective June 28, 1984, completely revises the jurisdictional arrangement for bankruptcy cases. 28 U.S.C. § 1334 was amended to read effective June 28, 1984, as follows:

(a) except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all

civil proceedings arising under title 11, or arising in or related to cases under title 11. . . .

(d) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of the estate.

Also added by Public Law 98–353 was new 28 U.S.C. § 157(a) which provides:

Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

On July 27, 1984, the District Court for the District of Minnesota ordered:

All bankruptcy cases and bankruptcy proceedings arising under the Bankruptcy Act and under Title 11 of the U.S. Code or arising in or related to bankruptcy cases now or hereafter pending in the District of Minnesota, are hereby referred to the Bankruptcy Judges for the District of Minnesota.

Section 103(a) of Public Law 98–353 enacted a new removal section, codified in 28 U.S.C. § 1452. That section provides for removal to the district court for the district where such civil action is pending. 28 U.S.C. § 1452(a). The matter may be remanded by "the court to which such claim or cause of action is removed." 28 U.S.C. § 1452(b). While, at first blush, this section may not seem to apply to a case that is already pending in the district court, I think a careful reading indicates that the practical result in a district such as Minnesota, where all proceedings have been referred to the bankruptcy judges, is very much the same as it was under old § 1478.

A proceeding pending in a United States district court where jurisdiction has been invoked other than under 28 U.S.C. § 1334 may be "removed" to that same court pur-

**1.** Whether § 1478 survived the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) is open to debate. For purposes of this discussion, I am assuming it did.

suant to 28 U.S.C. § 1452(a). Because all such proceedings have been referred to the bankruptcy court,[2] the result of the removal is to remove the proceeding to the bankruptcy court. The bankruptcy judges are judicial officers of the district court, 28 U.S.C. §§ 151 and 152(a)(1), and presumably may make the determination under § 1452(b) to remand the proceeding, i.e., change the jurisdiction of the district court from § 1334 to the previous jurisdictional basis. The proceeding is then no longer referred to the bankruptcy judges under § 157(a). The result is to "remand" the proceeding to the district court from the bankruptcy court.

The fact that all such cases and proceedings have been referred does not mean, of course, that bankruptcy judges may necessarily hear and decide those cases or proceedings. New 28 U.S.C. § 157(b)(1) provides:

> Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under § 158 of this title.

Thus as to a proceeding, a bankruptcy judge may hear and determine such a proceeding only if it is a "core" proceeding. Core proceeding is not defined but illustrations are given in 28 U.S.C. § 157(b)(2). The illustrated core proceedings are:

a. matters concerning the administration of the estate;

b. allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interest for the purposes of confirming a plan under chapter 11 or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

c. counterclaims by the estate against persons filing claims against the estate;

d. orders in respect to obtaining credit;

e. orders to turn over property of the estate;

f. proceedings to determine, avoid or recover preferences;

g. motions to terminate, annul or modify the automatic stay;

h. proceedings to determine, avoid or recover fraudulent conveyances;

i. determinations as to the dischargeability of particular debts;

j. objections to discharges;

k. determinations of the validity, extent, or priority of liens;

l. confirmations of plans;

m. orders approving the use or lease of property, including the use of cash collateral;

n. orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and

o. other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

Where does all of this leave us? The result seems to be that for a bankruptcy judge to hear and determine a proceeding there are two requirements. First, that proceeding must arise under Title 11 or arise in or be related to a case under Title 11; and second, that proceeding must be a core proceeding. As this action now stands, I think that there are at least three separate, if related, causes of action or, if you will, proceedings encompassed in this adversary proceeding.

First there is the original interpleader action including the majority of the counterclaims which are nothing more than statements of right to the portion of the

---

**2.** 28 U.S.C. § 151 provides that bankruptcy judges constitute a unit of the district court known as the bankruptcy court for the district.

fund being interpleaded by the plaintiffs. Secondly there are the counterclaims of Keith Nelson, Schuler Grain and Rosholt which variously lie in negligence, other torts, breach of contract and breach of fiduciary duty. Thirdly there are the counterclaims of the intervening trustees which are claims that the fund is partly or entirely property of the estate under 11 U.S.C. § 541.

■ I feel compelled to state the obvious. The District Court has jurisdiction over all of these proceedings, either under 28 U.S.C. § 1335 or 28 U.S.C. § 1334. May the bankruptcy judge hear and determine any or all of these proceedings? As to the claims by the trustee under the Bankruptcy Code, I think the answer is clearly yes. As to the counterclaims of Nelson, Schuler and Rosholt, I think the answer is clearly no. As to the original interpleader and the determination of the rights to the proceeds of the letter of credit, I am not sure. Obviously there is some connection of that action to one or both of the bankruptcy cases of Victoria Grain Company and Victoria Co. of Minneapolis. I am not prepared to say that that connection rises to the level of being related. Nor am I prepared to attempt to decide whether the interpleader action is a core proceeding.

I think it makes no sense to somehow retain the trustee's counterclaims which I can clearly determine and the interpleader action which I may be able to determine and transfer the substantive counterclaims to some other court. It is obvious that it is to everyone's best interest to have all of the competing claims to this fund decided in one proceeding by one court. The only court that has jurisdiction to do that is the United States District Court.

Therefore I conclude that at least in part this proceeding is not a core proceeding and in any case, equity demands that the matter be returned to the District Court.

THEREFORE, IT IS ORDERED:

1. To the extent that 28 U.S.C. § 1478(b) (repealed) has any residual applicability, this proceeding is remanded to the United States District Court for the District of Minnesota.

2. Pursuant to 28 U.S.C. § 1452(b) (1984), this proceeding is remanded to the United States District Court for the District of Minnesota.

3. Having determined pursuant to 28 U.S.C. § 157(b)(3) (1984) that this proceeding is not a core proceeding, it is transferred to the District Court.

4. The plaintiffs shall give notice of this remand and transfer to all defendants.